No. 788

SIMMONS v. INDUSTRIAL COMM.

Ohio Appeals, 6th Dist., Lucas Co.

No. 1564.    Decided June 22, 1925

631. INDUSTRIAL COMMISSION—Empowered by statute to adopt reasonable and proper rules in governing its procedure.

1013. REHEARING—If application for, is made more than 30 days after date of original hearing, adverse finding of commission made at original hearing, remains in full force and effect unless said application for rehearing shall be granted.

RICHARDS, J.

William Simmons was employed by the A. S. Hecker Co. and claimed to have been injured in the course of his employment. His claim to the Industrial Commission was rejected and he appealed to the Lucas Common Pleas, which dismissed th eaction on the ground that it was not filed within the time limited by statute.

The Commission rejected Simmon's application for compensation on Dec. 5, 1922 and notice thereof was given him. On Dec. 20, 1922 he filed an application for re-hearing which was rejected on Jan. 30, 1923. On Feb. 8, 1923, Simmons filed an application for a second rehearing which was denied by the Commission, March 27, 1923. The appeal to the Lucas Common Pleas was filed April 14, 1923.

Error was prosecuted by Simmons and he contended that the thirty day limitation fixed by statute began to run March 27, 1923; while the Commission contended that it commenced to run Jan. 30, 1923, the date of the final rejection of the claim and notice thereof.

1. The Commission is empowered by statute, to adopt reasonable and proper rules governing its procedure, and pursuant to this authorization. Rule 23, providing for applications for re-hearings follows in part: "When claimant is denied right to participate in State Insurance Fund - - - - - within 30 days after final action - - - - - - application for re-hearing may be filed."

2. The rule divides applications for re-hearings into two classes; those which were made within 30 days after notification of final action of Commission, and those which are made more than 30 days after original hearing.

3. Application for re-hearing made within 30 days, automatically reopens the case before the Commission and it is set down to be heard as in case of original hearings.

4. Applications made more than 30 days after original hearing are simply heard by the Commission to determine whether a re-hearing shall be granted.

5. In cases under the latter subdivision, the original and adverse finding by the Commission remains in full force and effect unless the Commission in disposing of the application for a re-hearing, shall grant same.

6. The Commission in this case refused to grant the re-hearing and that refusal allowed the rejection of Simmons claim on Jan. 30, 1923 to stand as the Commission's final order.

7. The claimant therefore, did not appeal within the time limited by law. Commission v. Glenn, 101 OS. 454.

Judgment affirmed.

Attorneys—Frank G. Thomson for Simmons; Frank E. Calkins for Commission; both of Toledo.